# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEST BUDDIES LEASING, LLC, a Nevada limited liability company,<br><br>              Plaintiff,<br>vs.<br>CABRILLO YACHT SALES, et al.,<br><br>              Defendants. | CASE NO. 07cv1121 BTM(AJB)<br><br>**ORDER GRANTING MOTION TO DISMISS;ORDER TO SHOW CAUSE** |

Defendants Cabrillo Yacht Sales ("Cabrillo") and Dan Peters ("Peters") have filed a motion to dismiss Plaintiff's third and fourth causes of action for failure to state a claim upon which relief can be granted, or, in the alternative, a motion for a more definite statement. For the reasons discussed below, Defendants' motion to dismiss is **GRANTED.**

## DISCUSSION

**A. Fraud Claims**

The parties are familiar with the allegations of the Complaint which need not be repeated here.

Defendants move for dismissal of Plaintiff's third cause of action for intentional misrepresentation/fraud and fourth cause of action for negligent misrepresentation on the ground that Plaintiff has failed to plead the alleged fraudulent misrepresentations with particularity. The Court agrees that Plaintiff has not satisfied the heightened pleading requirements of Fed. R. Civ. P. 9(b).

Plaintiff's allegations in support of its fraud and negligent misrepresentation claims are

vague and lacking in essential detail.[1]  "Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged." <u>Vess v. Ciba-Geigy Corp., USA</u>, 317 F.3d 1097, 1106 (9th Cir. 2003).  Plaintiff's fraud and negligent misrepresentation claims incorporate "each and every allegation set forth in the preceding paragraphs."  Upon review of the preceding paragraphs, it is apparent that Plaintiff's fraud claims are based in part on the alleged representations by Peters, Cabrillo and/or Ta-Yang Building Company, Ltd. (it is unclear exactly who made the representations),  that the defects reported by Plaintiff were covered by the warranty and would be cured within a reasonable time (Compl. ¶ 46).  However, it is unclear which other, if any, representations Plaintiff contends were fraudulent.

In Plaintiff's opposition papers, Plaintiff explains that the allegedly fraudulent representations also include (1) representations by Cabrillo and Peters that they would coordinate the filing of warranty claims and performance of warranty repairs (Compl. ¶¶ 24-25); (2) representations by Cabrillo and Peters that they would provide drawings of the electrical system, piping systems, pump systems, engine transmission systems, rigging and sail systems, and stations of hull and deck, as well as cabinetry drawings (Compl. ¶ 23); and (3) representations that Cabrillo and Peters were acting as escrow agents for Plaintiff (Plaintiff alleges that they subsequently disbursed funds without permission and refused to provide an accounting to Plaintiff) (Compl. ¶ 26.)  The Complaint does not make clear that these representations fall within the scope of the fraud claims.

The Court grants Plaintiff leave to amend its Complaint to clearly identify the allegedly fraudulent representations in addition to the specifics of "who, what, when, where, and how," which are, for the most part, missing from the Complaint.  The Court also cautions Plaintiff that it must allege that Defendants harbored an intention not to perform the terms of the contract or promises *at the time of formation*.  It is not enough to allege, as Plaintiff does in its opposition papers, that Plaintiff "relied on those promises, but that those promises went

---

[1] Plaintiff's negligent misrepresentation claim is "grounded in fraud" and is therefore subject to the pleading requirements of Rule 9(b). See <u>Miller v. Allstate Ins. Co.</u>, 489 F. Supp. 2d 1133, 1139 (S.D. Cal. 2007).

unfulfilled – either intentionally or recklessly." (Opposition p. 6.)  The mere breach of a contract or failure to fulfill a promise does not give rise to a fraud cause of action.

**B.  Order to Show Cause**

Upon review of the Complaint, it is unclear to the Court that diversity jurisdiction exists. Plaintiff alleges that it is "a foreign limited liability company formed and existing under the laws of the state of Nevada, whose principal place of business is diverse from all defendants."  However, if Plaintiff was formed for the purpose of leasing the vessel at issue, it seems that Plaintiff's principal place of business would be here in California.  Accordingly, the Court orders Plaintiff to show cause why this case should not be dismissed for lack of jurisdiction.

## CONCLUSION

For the reasons discussed above, Defendants' motion to dismiss the third and fourth causes of action is **GRANTED**.  The third and fourth causes of action are **DISMISSED**. Plaintiff may file an amended Complaint that corrects the deficiencies identified above on or before **December 21, 2007**.  Defendants' motion for a more definite statement is **DENIED AS MOOT**.

Plaintiff is ordered to file a response to the Order to Show Cause ("OSC") on or before **December 17, 2007**.  In its response, Plaintiff shall specify what its business consists of and where its principal place of business is.  The matter will be set for hearing on **December 21, 2007 at 11:00 a.m.**  Unless otherwise directed by the Court, there shall be no oral argument and no personal appearances are necessary.

**IT IS SO ORDERED.**

DATED: November 21, 2007

_[signature]_

Honorable Barry Ted Moskowitz
United States District Judge